## SHERMAN v DIORIO CONTRACTING CO

Ohio Appeals, 7th Dist, Mahoning Co

Decided Oct 23, 1931

Wilson, Hahn & Wilson, Youngstown, for plaintiff in error.

J. C. Vitullo, B. J. Venetti, Youngstown, for defendant in error.

FARR, J.

John Diorio denies signing this receipt. There is a reply with the file papers signed by John Diorio, or assumed to be signed by him, and if so signed, John Diorio certainly never signed the receipt, and he denies that he did sign it, and if he did sign it he surely forgot his name, because the signature of the receipt begins with the letter "G", separated from the two words "Di Orio". He does admit that there were some negotiations about the sale; he does say that Sherman's employe was on the property where the mixer and roller was located, and which belonged to the Contracting Company, and that his employe was separating the parts of the mixer and that when he went there he objected to it and that the work immediately ceased and it is not disclosed that it was ever afterwards taken up again, the parties leaving the premises; so it is upon this basis that the jury elected to find in favor of the Contracting Company.

It appears that perhaps Leverett, the colored man, and Di Orio were present at one time when a statement was made out by Frank Sherman in his office and it is signed by Nathan Leverett but not by the Contracting Company or either Edward or John Di Orio, who were perhaps the partners in said company, but that does not necessarily argue that the contract was made, the money paid to the different parties and receipts taken therefore. If John Di Orio is to be believed, undisputedly he was to retain certain parts of this mixer, the valves, the boiler and so forth, but the jury evidently reached the conclusion that there had been no contract for the sale of this paver and roller.

It is said that the verdict is surely against the weight of the evidence, that if Di Orio had a right to collect anything whatever it was the sum of $950.00, which they claim in their statement of claim in the Municipal Court. They are now complaining concerning the amount recovered. It does not appear just how the jury reached its conclusion, but the jury did determine that the Contracting Company was entitled to collect probably for the damage done to this paver the sum of $300.00. This court could not find that this verdict is so manifestly against the weight of the evidence as to warrant a reversal, especially in view of the fact that there certainly is grave doubt about John Diorio ever having signed the receipt for $25.00. He signed his name to the reply, if he signed it, in fairly good handwriting, and Edward Di Orio signed another pleading in practically as good handwriting. That is not germaine to the issue but it simply goes to show that the Diorios are no doubt men of some education and learning, and it is impossible to believe that John signed the receipt if he signed the reply, and he says he did not sign the receipt. Nobody denies that. The colored man was not in evidence. He had moved, without leaving his address, so that the conclusion is that the judgment must be affirmed, and it is so ordered.

ROBERTS and POLLOCK, JJ, concur.